EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Natasha Cardona López<br><br>Peticionaria | Certiorari<br><br>2016 TSPR 209<br><br>196 DPR ____ |

Número del Caso: CC-2014-624

Fecha: 3 de octubre de 2016

Tribunal de Apelaciones:

   Región Judicial de Bayamón, Panel V

Abogados de la parte Peticionaria:

   Lcda. Wanda Tamara Castro Alemán
   Sociedad para Asistencia Legal

   Lcdo. Joel Román Román
   Sociedad para Asistencia Legal

Oficina de la Procuradora General:

   Lcda. Margarita Mercado Echegaray
   Procuradora General

   Lcda. Daphne M. Cordero Guilloty
   Procuradora General Auxiliar

Materia: Resolución con Voto Particular de Conformidad

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                  **Núm.** <u>CC-2014-0624</u>

Natasha Cardona López

    Peticionaria

RESOLUCIÓN

San Juan, Puerto Rico, a 3 de octubre de 2016.

El 30 de julio de 2014, la Sra. Natasha Cardona López compareció ante este Tribunal mediante un recurso de *certiorari* y una moción en auxilio de jurisdicción. En síntesis, la señora Cardona López solicitó que revisáramos una *Resolución* dictada por el Tribunal de Apelaciones en la que se denegó la expedición de un recurso de *certiorari* que ésta presentó ante ese foro. Así las cosas, el 5 de septiembre de 2014, declaramos *ha lugar* la moción en auxilio de jurisdicción y expedimos el recurso de *certiorari* en cuestión.

Luego de haber evaluado con detenimiento el expediente del caso de epígrafe, este Tribunal anula el auto expedido y devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto Particular de Conformidad al que se unen la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Estrella Martínez. El Juez Asociado señor Rivera García está conforme y hace constar la siguiente expresión:

El Juez Asociado señor Rivera García hace constar la siguiente expresión: "Aunque soy del criterio que, en términos generales, una vez un caso es expedido por este Tribunal lo que procede es su resolución en los méritos ya sea para confirmar o revocar al tribunal recurrido, debo expresar mi conformidad con la presente anulación, en la medida que la consecuencia indirecta de esta acción es la confirmación de un dictamen cuyo *resultado* considero correcto. Al respecto, entiendo que el Tribunal de Apelaciones no erró al denegar el recurso de *certiorari* presentado por la Sra. Natasha Cardona López. Ahora bien, es importante aclarar que más allá de las improcedentes expresiones en los méritos que emitió el Tribunal de Apelaciones en su resolución denegatoria, la realidad es que el único dictamen sustantivo válido en el presente caso relacionado a la procedencia de la acusación contra la señora Cardona López por el delito de agresión sexual en la modalidad de penetración pene vagina, al amparo del Art. 142(h) del Código Penal de 2004, 33 LPRA sec. 4770(h), es el notificado por el Tribunal de Primera Instancia el 1 de abril de 2014. Por lo tanto, los procedimientos de este caso deberán continuar conforme a lo allí determinado por el foro primario y *no* según lo establecido por el Tribunal de Apelaciones en su resolución denegatoria."

El Juez Asociado señor Martínez Torres disiente y hace constar las siguientes expresiones a las que se unen la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo:

El Juez Asociado señor Martínez Torres disiente y hace constar la siguiente expresión: "En vista de que el Tribunal opta por anular el recurso de *certiorari*, en vez de atenderlo en los méritos, disiento. En cambio, resolvería el auto y concluiría que la acusación que pesa contra la peticionaria por agresión sexual a su hijo, en la modalidad de penetración pene-vagina, no procede debido al lenguaje que utilizó el legislador al tipificar ese delito en el Código Penal de 2004, *infra*.

En primer lugar, al igual que la Juez Asociada señora Rodríguez Rodríguez, me parece que el Tribunal de Apelaciones se extralimitó al 'ordenar la continuación de los procedimientos a tenor con lo […] expuesto' en su Resolución, sin

haber expedido el auto de <u>certiorari</u> solicitado por la peticionaria. Por esa razón, considero que el foro apelativo intermedio actuó sin jurisdicción al negarse a expedir el auto y, simultáneamente, modificar la determinación del Tribunal de Primera Instancia.

En segundo lugar, considero que el Derecho no favorece el resultado sustantivo al que llegó el Tribunal de Primera Instancia, que continúa vigente y bajo el cual se juzgará a la peticionaria Cardona López. El Art. 142 del derogado Código Penal de 2004, 33 LPRA sec. 4770, requería que el autor de una agresión sexual llevara a cabo 'una penetración sexual' en la víctima del delito. El delito establecía, en lo pertinente, lo siguiente:

> *Artículo 142. Agresión sexual. Toda persona que lleve a cabo una penetración sexual, sea vaginal, anal, orogenital, digital o instrumental, en cualquiera de las circunstancias que se exponen a continuación incurrirá en delito grave de segundo grado:*
>
> *[...]*
>
> *(h) Si el acusado tiene una relación de parentesco con la víctima, por ser ascendiente o descendiente, por consanguinidad, adopción o afinidad, o colateral por consanguinidad o adopción hasta el tercer grado.*

'Lleve a cabo una penetración' es lo mismo que decir 'penetre'. Una interpretación distinta del artículo bajo análisis quebrantaría el principio de legalidad que recogía el Art. 2 del Código Penal de 2004, 33 LPRA sec. 4630, y la prohibición de delitos por analogía que establecía el Art. 3 del Código Penal de 2004, 33 LPRA sec. 4631. Por esa razón, y al igual que el Tribunal de Apelaciones, me parece que la composición gramatical del Art. 142 del Código Penal de 2004, <u>supra</u>, obliga a concluir que 'el que penetra una vagina es el sujeto activo y quien es penetrado […], es el sujeto pasivo y víctima del delito'. <u>Sentencia del Tribunal de Apelaciones</u>, pág. 16. Por lo tanto, 'tal y como estaba redactado el Art. 142 del Código Penal de 2004, <u>supra</u>, una mujer no puede cometer el

delito de agresión sexual en la modalidad de penetración pene vagina'. Íd., pág. 21.

No me persuade la tesis de la Procuradora General, que sostiene que al incorporarse al Art. 142, supra, la frase 'toda persona que lleve a cabo una penetración sexual', el legislador incluyó como sujeto activo en el delito de agresión sexual, modalidad vaginal, al sexo femenino. Apéndice, pág. 124. Ciertamente, el sexo femenino puede cometer ese delito en las modalidades orogenital, digital o instrumental. Sin embargo, de los hechos imputados en las acusaciones se desprende que es físicamente imposible, en términos anatómicos, que la acusada cometiera una agresión sexual contra su hijo, en la modalidad penetración pene-vagina. Respetuosamente entiendo que una interpretación contraria no es compatible con la redacción expresa del Art. 142, supra, que cataloga a la persona penetrada como 'víctima' y no como 'autora' del delito. Al aplicar el principio de legalidad y la prohibición de crear delitos por analogía, entiendo que bajo los hechos imputados procede acusar a la Sra. Natasha Cardona López por violar el Art. 144 del Código Penal de 2004 (actos lascivos), que es un delito menor incluido en el delito de agresión sexual.

Comprendo la preocupación de que en este caso lamentable la madre peticionaria fue quien propició los hechos, pero **nuestra labor como jueces no es resolver a favor de la postura que nos resulte más simpática y contra la que nos parezca abominable. Nuestro trabajo es resolver conforme a Derecho.** En una sociedad de ley y orden, el texto de los estatutos es el límite a la discreción judicial. El hecho de que en el Código Penal de 2004 el legislador no tipificara como delito los hechos específicos ante nuestra consideración no puede dar lugar a que desde el estrado pretendamos castigar esa conducta. La Constitución que juramos defender nos prohíbe actuar de esa forma. Si los legisladores querían plasmar en el texto de la ley lo que propone la Procuradora General, la realidad es que no lo lograron. Escribieron otra cosa y el Derecho no permite que una persona de inteligencia ordinaria tenga que recurrir a interpretaciones gramaticales ingeniosas para conocer qué conducta está prohibida por la ley. Adviértase que en el campo penal, este tipo de error o descuido en la redacción de los estatutos no es

susceptible de subsanación por la Rama Judicial. Le corresponde exclusivamente a las otras dos ramas de gobierno atender esa situación.

De hecho, un análisis del actual Código Penal de 2012, según enmendado, demuestra que el legislador corrigió ese vacío para este tipo de escenarios. En particular, la redacción del Art. 130 del Código Penal de 2012, según enmendado, 33 LPRA sec. 5191, incluye una nueva modalidad del delito de agresión sexual mediante la 'provocación' de la penetración, la cual, muy bien, podría ser aplicable a hechos similares a los que hoy están ante nuestra consideración. Además, el Art. 131 de ese Código, 33 LPRA sec. 5192, prohíbe el incesto como un delito independiente al de agresión sexual. Un estudio del texto nuevo de ese delito revela que el legislador responsabilizó a las dos partes que consientan al acto sexual y dejó atrás la concepción de que bajo ese delito siempre hay un 'agresor' y una 'víctima'. Por esa razón, ese delito está redactado en plural y no en singular, como la gran mayoría de los delitos que contiene la parte especial del Código Penal. No obstante, estas nuevas tipificaciones no son las que se desprenden del lenguaje del Código Penal de 2004, supra, y nosotros no podemos alterar el mismo para equipararlo al del Código vigente.

Por todo lo anterior, disiento respetuosamente."

El Juez Asociado señor Feliberti Cintrón está inhibido. El Juez Asociado señor Colón Pérez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Natasha Cardona López<br><br>Peticionaria | **Núm.** CC-2014-0624 | |

Voto Particular de Conformidad emitido por la Juez Asociada señora Rodríguez Rodríguez al que se unen la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Estrella Martínez

San Juan, Puerto Rico, a 3 de octubre de 2016.

Estoy conteste con la Resolución que hoy emite este Tribunal. Ello, pues considero que el Tribunal de Apelaciones actuó correctamente al denegar la expedición del recurso de *certiorari* que presentó la Sra. Natasha Cardona López ante ese foro. No obstante, me veo forzada a emitir estas expresiones porque considero que el foro apelativo intermedio se extralimitó en sus expresiones según recogidas en la Resolución emitida. El auto de *certiorari* presentado **no se expidió**. Siendo ello así, discutir y resolver los méritos del recurso presentado, e impartir instrucciones al foro primario para que continúe con los procesos de acuerdo a lo "resuelto" es improcedente.

I

La controversia ante nuestra consideración se originó durante el trámite de un procedimiento penal que pende en

contra de la señora Cardona López por la comisión del delito de agresión sexual, en la modalidad de penetración pene- vagina, al amparo del Artículo 142(h) del Código Penal de 2004. 33 LPRA sec. 4770(h).

Presentadas las acusaciones correspondientes, la señora Cardona López solicitó su desestimación mediante una *Moción de Desestimación al Amparo de la Regla 63 (a) y (p) de Procedimiento Criminal*. En síntesis, arguyó que, como era mujer, ésta no podía cometer el delito de agresión sexual en la modalidad imputada. Ello, puesto que ésta figuraba como sujeto pasivo en el contexto de un delito donde sólo es imputable el sujeto activo, a saber, aquella persona que lleve a cabo una penetración sexual.

El 1 de abril de 2014, el Tribunal de Primera Instancia notificó una Resolución en la que denegó la referida moción. En particular, el foro primario determinó que el delito, en la modalidad imputada, se podía configurar indistintamente del sexo del sujeto activo.

Inconforme, la señora Cardona López presentó ante el Tribunal de Apelaciones dos (2) recursos de *certiorari* que, eventualmente, fueron consolidados. El 3 de junio de 2014, el foro apelativo intermedio notificó una extensa Resolución en la cual se negó a expedir los recursos presentados. No obstante ello, ese foro consignó en la Resolución una elaborada discusión de Derecho en la que, en síntesis, concluyó que una mujer no puede cometer el delito de agresión sexual en la modalidad de penetración pene-vagina. Ahora bien, determinó, por otro lado, que la mujer podría ser coautora o partícipe del delito. A esos efectos, el foro apelativo intermedio denegó la expedición del recurso de *certiorari* mas le ordenó al foro primario

que continuara con los procedimientos "de conformidad" con lo expuesto en la Resolución. En otras palabras y como adelantamos, el Tribunal de Apelaciones no expidió el auto pero resolvió en los méritos la controversia planteada ante sí por la señora Cardona López.

Tras la denegatoria de una solicitud de reconsideración presentada por la señora Cardona López en el Tribunal de Apelaciones, ésta acudió oportunamente ante este Foro mediante un recurso de *certiorari* acompañado de una moción en auxilio de jurisdicción. El 5 de septiembre de 2014, declaramos *ha lugar* la referida moción y expedimos el auto ante nuestra consideración.

## II

En primer lugar, soy del criterio que la peticionaria puede, en efecto, cometer el delito que se le imputa, a saber, agresión sexual en su modalidad pene-vagina. Basta con un estudio meramente gramatical y semántico de las palabras utilizadas en la tipificación de este delito para así concluirlo. Después de todo, el propio Código Penal, en su Artículo 13, nos obliga a ello, al disponer que "[l]as palabras y frases se interpretarán según el contexto y el significado sancionado por el uso común y corriente". 33 LPRA sec. 4641.

El Artículo 142 del Código Penal de 2004, dispone, en lo pertinente, que "[t]oda persona que lleve a cabo una penetración sexual, sea vaginal, . . . incurrirá en delito grave de segundo grado severo . . .". 33 LPRA sec. 4770. Nótese, en primer lugar, que la referida disposición penal no utiliza el verbo 'penetrar' —el cual dicho de un cuerpo, sí supone introducirse en otro—, sino que, en cambio, opta por la locución verbal genérica 'llevar a

cabo', la cual significa, entre otras acepciones irrelevantes al caso que nos ocupa, 'ejecutar' o 'concluir' algo. Asimismo, es menester señalar que en la disposición penal en controversia tampoco se utiliza el presente del subjuntivo del verbo 'penetrar' -que 'penetre'- el cual ineludiblemente remitiría al sujeto activo de la penetración, es decir, 'al que penetra'. De hecho, cabría pensar que, en consideración a lo anterior, el legislador optó por referirse al acto de penetración justamente a través del sustantivo 'penetración', el cual engloba no sólo el acto de penetrar, sino también su efecto. Véase Real Academia Española, *Diccionario de la lengua española*, 'penetración' (Ed. del Tricentenario), http://dle.rae.es/?id=SSVC3mY ('Acción y efecto de penetrar'). Así, en vista de lo anterior, es innegable que la tipificación del delito de agresión sexual en el Código Penal de 2004 permite que éste se le impute tanto a un hombre como a una mujer, en la medida en que ambos pueden llevar a cabo una penetración sexual, en tanto ésta se refiere, en su acepción más elemental, a la acción y al efecto de penetrar.

Por otro lado, según adelanté, considero que el Tribunal de Apelaciones se extralimitó al ordenarle al foro primario que continuara los procedimientos según lo dispuesto en su Resolución. Ello, habida cuenta de que ese foro se negó a expedir el auto de *certiorari* presentado. Estimo que, ante esta situación, el Tribunal de Apelaciones nunca tuvo ante su consideración los méritos de los planteamientos esgrimidos por la peticionaria. En consecuencia, sus expresiones en torno al derecho aplicable al caso son por demás superfluas. Igualmente, su

orden al foro primario de que debía de continuar los procedimientos acorde a lo dispuesto en su Resolución es claramente improcedente.

Cabe señalar que la denegatoria de un recurso de *certiorari* no prejuzga los méritos de la controversia que en éste se plantea. Véase Wright-Miller-Cooper, *Federal Practice and Procedure* 42, Sec. 4004.1 (2012). A esos efectos, en varias ocasiones, este Tribunal ha determinado que

> una resolución denegatoria de un auto de *certiorari* no implica posición alguna del Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso; esto es, una resolución de este Tribunal declarando "no ha lugar" a un recurso de *certiorari* no resuelve implícitamente cuestión alguna contra el peticionario a los efectos de cosa juzgada. La resolución denegatoria simplemente es índice de la facultad discrecional de este Tribunal para negarse a revisar, en determinado momento, una decisión emitida por un tribunal de instancia". *Sociedad Legal de Gananciales v. Pauneto Rivera*, 130 DPR 749, 755-756 (1992). Véase, además, *Sucesión Andrades v. Sosa*, 45 DPR 732 (1993); *Pueblo v. Carrión Rivera*, 111 DPR 825 (1981). Véase, además, *State of Maryland v. Baltimore Radio Show*, 338 US 912, 919 (1950).

Ciertamente, este principio aplica de igual forma en aquellas instancias donde el Tribunal de Apelaciones se niega a expedir un recurso de *certiorari*. Véase José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña-Práctica Apelativa-Análisis del Reglamento del Tribunal de Circuito de Apelaciones* 24 (1995).

Cuando un caso de naturaleza discrecional llega ante nuestra consideración o ante la consideración del foro apelativo intermedio, sus méritos sólo pueden ser atendidos cuando expedimos ese auto discrecional. De no expedirse, no abrimos las puertas del tribunal, es decir, no asumimos jurisdicción sobre los méritos de los

planteamientos de las partes. Por lo tanto, no podemos considerar y resolver los planteamientos del recurso no expedido. Es precisamente por ello que el "no ha lugar" o la denegatoria a expedir (que no es otra cosa que un no ha lugar con otro nombre) no pueden interpretarse, de manera alguna como que expresan algún criterio respecto los méritos del recurso presentado. Ello, pues sustantivamente, no hemos pasado juicio sobre éste. Se trata, a fin de cuentas, de lo que podemos catalogar como una ficción jurídica. Al no ejercer nuestra discreción para atender un recurso de *certiorari*, no adquirimos "jurisdicción" sobre la controversia sustantiva planteada en ese recurso pues las puertas del Tribunal permanecen cerradas. Siendo ello así, cualquier expresión resolviendo los méritos del caso es inconsecuente y es igualmente improcedente ordenarle al foro *a quo* que continúe con los procedimientos acorde con lo "expresado" por el foro apelativo.

Reiteramos, en este caso el Tribunal de Apelaciones resolvió los méritos de la controversia ante su consideración al concluir que una mujer no puede cometer el delito que se imputa en este caso. Determinó además, que no obstante no poder cometer el delito muy bien podría ser coautora o partícipe del delito, por lo que ordenó que los procedimientos en instancia continuaran conforme lo expresado en su Resolución. Acorde a lo que hemos expresado, estas expresiones no tienen valor vinculante alguno. Por ende, estos pronunciamientos no tienen ningún efecto legal sobre el foro primario y los procedimientos que allí se ventilarán.

**III**

En vista de lo anterior, reitero mi conformidad con la Resolución emitida por este Tribunal. A su vez, recalco que la determinación de este Tribunal se limita a anular el auto y desestimar el recurso de *certiorari* presentado por la señora Cardona López. Así, la Resolución que dictamos no avala la orden que incorrectamente consignó el foro apelativo intermedio en la parte dispositiva de su Resolución, ni evidentemente los planteamientos sustantivos allí discutidos.


                          Anabelle Rodríguez Rodríguez
                                Juez Asociada