ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| ANA GUZMÁN FEBO<br><br>Demandante-Recurrente<br><br>V.<br><br>JAIME RIVERA QUIÑONES<br>Demandado-Recurrido | KLCE202301284 | *Certiorari* procedente del Centro Judicial de Carolina, Tribunal de Primera Instancia, Sala Superior de Familia y Menores<br><br>Caso Núm.:<br>CA2022RF00523<br><br>Sobre:<br>Alimentos-Menor de Edad; Custodia-Relaciones Paterno/Materno Filiales |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece la Sra. Ana Guzmán Febo (señora Guzmán Febo o Recurrente), mediante el presente recurso de *certiorari*, y solicita que dejemos sin efecto una *Orden reiterando dictamen* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario) el 16 de octubre de 2023 y notificada ese mismo día. Mediante el referido dictamen, el TPI, como indica su título, reiteró disposiciones resueltas en una *Resolución* que, previamente fue emitida el 10 de octubre de 2023, notificada el 11 de octubre de 2023 [SUMAC 381], que requirió una enmienda en su contenido mediante la *Resolución Enmendada* [SUMAC 390], notificada el mismo 16 de octubre de 2023.

Número Identificador

RES2023_____

Mediante el recurso de autos, la recurrente plantea tres errores, a saber:

a. Denegar su derecho a radicar una reconsideración conforme lo autoriza la Reglas (sic) 47 de Procedimiento Civil sobre una orden de ampliación de relaciones paterno filiares por haber prejuzgado la posición de la Recurrente.

b. Al implementar una ampliación de Relaciones Paterno filiares (sic) con menos de 15 horas de anticipación y consignar que su determinación fue justa, sin haber concedió (sic) vista evidenciaria para beneficiar solo al recurrido sin tomar en cuenta el bienestar de la menor.

c. Al Reiterar un dictamen imponiendo una ampliación de Relaciones paterno filiares (sic) en exceso a la recomendación del informe social de un 27% que está siendo impugnado de custodia compartida que está siendo impugnada por la Recurrente.

Luego de deliberar los méritos del presente recurso, entendemos procedente no intervenir con la decisión recurrida. Si bien este foro apelativo no está obligado a fundamentar su determinación al denegar la expedición de un recurso discrecional,[1] abundamos sobre las bases de nuestra decisión, con el fin de que no alberguen dudas en las mentes de las partes sobre el ejercicio de nuestra facultad revisora y su justificación jurídica.

La Recurrente en el caso plantea que no se le permitió presentar una Reconsideración conforme al ordenamiento, sin percatarse que la orden de la cual recurre, responde precisamente a una moción que fuera presentada por esta misma parte que, aunque no la tituló *Moción de Reconsideración*, la súplica era que se dejara

---

[1] *Pueblo v. Cardona López*, 196 DPR 513 (2016).

sin efecto una determinación tomada mediante una *Resolución* anterior [SUMAC 381]. En ese mismo señalamiento de error imputa, de forma concluyente, que se prejuzgó la posición de la Recurrente, cuando eso no ha sido atendido ante el TPI.

Por otro lado, presenta en los dos señalamientos restantes su objeción a una ampliación de las Relaciones Paterno-Filiales que ya fuera atendida y denegada por este Tribunal revisor en el recurso Ana Guzmán Febo v. Jaime Rivera Quiñones, KLCE202301145, Resolución de 17 de octubre de 2023.

Conforme a ello, expresamos que del expediente de este caso no surge que el TPI actuase de manera arbitraria, caprichosa, en abuso de su discreción o mediante la comisión de algún error de derecho.[2] Además, no divisamos fundamentos jurídicos que motiven la expedición del auto instado al amparo de los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones.[3]

De otra parte, se le apercibe a la parte recurrente, que al amparo de la Regla 85 del Reglamento del Tribunal de Apelaciones,[4] esta Curia tiene la facultad de imponer sanciones económicas si se determina que el recurso ante nuestra consideración es uno frívolo o se presentó para dilatar los procedimientos.

Por lo cual, *denegamos* la expedición del auto de certiorari ante nuestra consideración. Así las cosas, devolvemos el asunto al TPI para que continúen los procedimientos según pautados.

**Notifíquese inmediatamente.**

---

[2] *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 709 (2012).
[3] 4 LPRA Ap. XXII-B, R. 40.
[4] 4 LPRA Ap. XXII-B, R. 85.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*