ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MARÍA M. ORTIZ DE JESÚS<br><br>Peticionaria<br><br><br>RICHARD I. NIEVES GARCÍA, su esposa, VELKA MARTE SÁNCHEZ y Sociedad de Bienes Gananciales Compuesta por Estos<br><br>Recurridos | KLCE202301427 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.:<br><br>BY2022CV03805<br><br>Sobre:<br><br>División de Comunidad de Bienes Gananciales |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# **RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de diciembre de 2023.

Comparecen el Sr. Richard I. Nieves García, su esposa, la Sra. Velka Marte Sánchez y la Sociedad de Bienes Gananciales Compuesta por Estos, (Peticionarios), mediante el presente recurso de *certiorari*, y solicitan que dejemos sin efecto una orden emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) el 22 de octubre de 2023 y notificada el 25 de octubre de 2023.[1] Mediante el referido dictamen, el TPI dictaminó: "Se apercibe a la parte demandada que la orden emi[t]ida (sic) por este Tribunal el 2 de octubre de 2023 fue clara. En consecuencia, se le impone la sanción de $100 por haber incumplido la misma. Se le concede el término de cinco (5) días para satisfacer la

---

[1] Los Peticionarios presentaron una solicitud de reconsideración ante el TPI el 11 de noviembre de 2023, y ésta fue resuelta con un No Ha Lugar el 13 de noviembre de 2023, notificada el 14 de noviembre de 2023.

Número Identificador

RES2023_____

misma y cumplir la referida orden, so pena de sanciones económicas adicionales.".

Luego de deliberar los méritos del presente recurso, entendemos procedente no intervenir con la decisión recurrida. Si bien este foro apelativo no está obligado a fundamentar su determinación al denegar la expedición de un recurso discrecional,[2] abundamos sobre las bases de nuestra decisión, con el fin de que no alberguen dudas en las mentes de las partes sobre el ejercicio de nuestra facultad revisora y su justificación jurídica. Conforme a ello, expresamos que del expediente de este caso no surge que el TPI actuase de manera arbitraria, caprichosa, en abuso de su discreción o mediante la comisión de algún error de derecho.[3] La determinación de la distinguida magistrada surge en un asunto de manejo del caso, y entendemos improcedente intervenir. Además, no divisamos fundamentos jurídicos que motiven la expedición del auto instado al amparo de los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones.[4]

Por lo cual, *denegamos* la expedición del auto de *certiorari* ante nuestra consideración.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

[2] *Pueblo v. Cardona López*, 196 DPR 513 (2016).
[3] *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 709 (2012).
[4] 4 LPRA Ap. XXII-B, R. 40.