ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MARÍA MAGDALENA FIGUEROA TORRES en representación de su hija menor, EVELYN BONETA FIGUEROA<br><br>Peticionaria<br><br><br>EX PARTE | KLCE202301336 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Civil Núm.:<br><br>LEX1984-0859<br><br>Sobre:<br><br>Autorización Judicial para Comprar y Retiro de Fondos |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de diciembre de 2023.

Comparece la Sra. María Magdalena Figueroa Torres (señora Figueroa Torres o Peticionaria), mediante el presente recurso de *certiorari*, presentado junto a una *Moción Solicitando Auxilio de Jurisdicción*, y solicita que dejemos sin efecto una *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Utuado (TPI o foro primario) el 2 de octubre de 2023 y notificada el 4 de octubre de 2023.[1] Mediante el referido dictamen, el TPI declaró No Ha Lugar la *Moción Solicitando Nulidad de Mandamiento Judicial* que fuera presentada por la peticionaria el 10 de junio de 2022 y se deja sin efecto una orden de paralización de los procedimientos.[2]

---

[1] La Peticionaria presentó una solicitud de reconsideración ante el TPI el 18 de octubre de 2023, y ésta fue resuelta con un No Ha Lugar el 24 de octubre de 2023, notificada el 26 de octubre de 2023.
[2] El 29 de noviembre de 2023 este Tribunal le concedió diez días a la parte recurrida, Evelyn Boneta Figueroa, para expresarse en cuanto al recurso, y ese mismo día se denegó el Auxilio de Jurisdicción solicitado. La parte recurrida compareció el 11 de

Luego de deliberar los méritos del presente recurso, entendemos procedente no intervenir con la decisión recurrida. Si bien este foro apelativo no está obligado a fundamentar su determinación al denegar la expedición de un recurso discrecional,[3] abundamos sobre las bases de nuestra decisión, con el fin de que no alberguen dudas en las mentes de las partes sobre el ejercicio de nuestra facultad revisora y su justificación jurídica. Conforme a ello, expresamos que del expediente de este caso no surge que el TPI actuase de manera arbitraria, caprichosa, en abuso de su discreción o mediante la comisión de algún error de derecho.[4] Además, no divisamos fundamentos jurídicos que motiven la expedición del auto instado al amparo de los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones.[5]

Por lo cual, *denegamos* la expedición del auto de *certiorari* ante nuestra consideración.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

diciembre de 2023 en oposición a la expedición del auto de *certiorari*, perfeccionándose el mismo.

[3] *Pueblo v. Cardona López*, 196 DPR 513 (2016).
[4] *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 709 (2012).
[5] 4 LPRA Ap. XXII-B, R. 40.