ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| TAILI TEE THULA TOVAR<br><br>Demandante-Recurrida<br><br>V.<br><br><br>ASDRÚBAL SIMÓN MATA CABELLO<br><br>Demandado-Recurrente | KLCE202400195 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.:<br><br>BY2023CV03497<br><br>Sala: 702<br><br>Sobre:<br><br>División de Gananciales |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# **R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 27 de febrero de 2024.

Comparece el Sr. Asdrúbal Simón Mata Cabello (señor Mata Cabello o Recurrente), mediante el presente recurso de *certiorari*, presentado junto a una *Moción Solicitando se Dicte Orden en Auxilio de Jurisdicción Decretando la Paralización de los Procedimientos ante el TPI y Descubrimiento de Prueba*. El señor Mata Cabello solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) el 17 de enero de 2024 y notificada 19 de enero de 2024.

Mediante el referido dictamen, el TPI declaró No Ha Lugar la *Moción en Solicitud de Reconsideración de Resolución* presentada por el Recurrente el 12 de diciembre de 2023. En su moción, el señor Mata Cabello solicitó al foro primario que reconsiderara su *Resolución y Orden* del 22 de noviembre de 2023, notificada el 27 de noviembre de 2023, donde el TPI

resolvió que la Sra. Tali Tee Thula Tovar (señora Thula Tovar o Recurrida) tiene derecho a solicitar la residencia principal como hogar seguro para ella y sus hijos.

Luego de deliberar los méritos del presente recurso, entendemos procedente no intervenir con la decisión recurrida. Si bien este foro apelativo no está obligado a fundamentar su determinación al denegar la expedición de un recurso discrecional,[1] abundamos sobre las bases de nuestra decisión, con el fin de que no alberguen dudas en las mentes de las partes sobre el ejercicio de nuestra facultad revisora y su justificación jurídica. Conforme a ello, expresamos que del expediente de este caso no surge que el TPI actuase de manera arbitraria, caprichosa, en abuso de su discreción o mediante la comisión de algún error de derecho.[2] Además, no divisamos fundamentos jurídicos que motiven la expedición del auto instado al amparo de los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones.[3]

Por lo cual, *denegamos* la expedición del auto de certiorari ante nuestra consideración. Así las cosas, devolvemos el asunto al TPI para que continúen los procedimientos según pautados.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

[1] *Pueblo v. Cardona López*, 196 DPR 513 (2016).
[2] *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 709 (2012).
[3] 4 LPRA Ap. XXII-B, R. 40.