ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ÁNGEL ÁLVAREZ, CAMALIA VALDÉS ÁLVAREZ y JULIA PIZÁ ÁLVAREZ<br><br>PETICIONARIOS<br><br>V.<br><br>JOHNNY JUSINO<br><br>RECURRIDO<br><br>FIDEICOMISO PERPETUO DE COMUNIDADES ESPECIALES<br><br>INTERVENTOR | KLCE202400872 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br>_____<br>CIVIL NÚM.: K PE2015-3141 (SALA 504)<br>_____<br>SOBRE: DESAHUCIO |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

Salgado Schwarz, Carlos G., Juez Ponente

# **R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparecen los peticionarios de epígrafe, mediante este recurso discrecional de *Certiorari*, y solicita nuestra intervención a los fines de revocar una Resolución emitida por el Tribunal de Primera Instancia dictada el 16 de febrero de 2024 y notificada el día 23 de febrero de 2024[1], mediante la cual se declaró No Ha Lugar una *Solicitud de Sentencia Sumaria Parcial* presentada por éstos alegando que el TPI erró al determinar que existen hechos en controversia que a la vez no permiten dictar la Sentencia Sumaria solicitada.

Hemos deliberado los méritos del recurso y concluimos declinar la invitación a intervenir con la decisión del TPI. A pesar de que este Tribunal de

_____

[1] El TPI notificó su determinación a la Reconsideración solicitada el 16 de julio de 2024.

Número Identificador

RES2024_____

Apelaciones no tiene que fundamentar su determinación al denegar un recurso de *Certiorari*,[2] en ánimo de que no quede duda en la mente de las partes sobre los fundamentos al denegar ejercer nuestra facultad revisora, abundamos.

El TPI evaluó la moción dispositiva presentada por los peticionarios y dispuso que aún restaban unos hechos en controversia sobre la titularidad del inmueble objeto de la controversia que aún requiere que se celebre un juicio en su fondo. Al examinar la documentación evaluada por el TPI para llegar a su decisión, coincidimos con su apreciación.

En consideración a lo anterior, y luego de evaluar detenidamente el expediente ante nuestra consideración, no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

Además, no identificamos fundamentos jurídicos que nos muevan a expedir el auto de *Certiorari* solicitado, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recurso. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Se le apercibe a los litigantes en este caso, que el verbo con el que se expresan al Tribunal en sus escritos deben mantener el respeto y decoro tal cual estuvieran argumentando en presencia del Tribunal, incluyendo la retórica hacia los compañeros abogados.

---

[2] Véase: *Pueblo v. Cardona López*, 196 DPR 513 (2016)

Por los fundamentos antes expresados, *denegamos* la expedición del auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*