ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CARLOS M. TORRES ARROYO, ZULEICA SIERRA MARTÍNEZ, por sí y en representación de su hija menor de edad, SHADAILYZ PAOLA TORRES SIERRA<br><br>RECURRIDOS<br><br>V.<br><br>GRUPO HIMA-SAN PABLO, INC. O CENTRO MÉDICO DEL TURABO, INC., H/N/C HIMA SAN PABLO BAYAMÓN; DR. MIGUEL BÁEZ STELLA, FULANA DE TAL y la Sociedad de Gananciales Compuesta por Ambos; DRA. BRENDA RODRÍGUEZ, SUTANO DE TAL y la Sociedad de Gananciales Compuesta por Ambos; DR. RICHARD ROE; DR. PETER DOE; DR. JOHN DOE Y DR. LISA DOE; CORPORACIÓN DESCONOCIDA ADMINISTRADORA DE SALA DE EMERGENCIA PEDIÁTRICA; COMPAÑÍAS ASEGURADORAS "A", "B", "C" y "D"<br><br>PETICIONARIA | KLCE202500227 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br>\|<br>_____<br>CASO NÚM.: BY2021CV01289<br><br>SALA: 701<br>_____<br>SOBRE:<br><br>IMPERICIA MÉDICA; DAÑOS Y PERJUICIOS |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

Salgado Schwarz, Carlos G., Juez Ponente

# **R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 21 de marzo de 2025.

Comparecen la peticionaria de epígrafe, mediante este recurso discrecional de *Certiorari*, solicita nuestra intervención a los fines de revocar una Resolución emitida por el Tribunal de Primera Instancia dictada el 23 de enero de 2025 y notificada el día

siguiente[1], mediante la cual se declaró No Ha Lugar una *Moción de Sentencia Sumaria por falta de Relación Causal* presentada por ésta alegando que el TPI erró al declarar la misma No Ha Lugar, ya que entiende la peticionaria que no existen hechos que aún estén en controversia en cuanto a su participación en este caso y que el mismo debe ser desestimado para con ella.

Hemos deliberado los méritos del recurso y concluimos declinar la invitación a intervenir con la decisión del TPI. A pesar de que este Tribunal de Apelaciones no tiene que fundamentar su determinación al denegar un recurso de *Certiorari*,[2] en ánimo de que no quede duda en la mente de las partes sobre los fundamentos al denegar ejercer nuestra facultad revisora, abundamos.

Hemos examinado la Resolución emitida por la distinguida Magistrada del TPI y entendemos que no abusa de su discreción, ni erra en derecho al disponer de la forma en que concluyó que en esencia es muy prematuro concluir ausencia de relación causal en esta etapa del procedimiento judicial.

En consideración a lo anterior, y luego de evaluar detenidamente el expediente ante nos, no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

Además, no identificamos fundamentos jurídicos que nos muevan a expedir el auto de *Certiorari* solicitado,

---

[1] El TPI notificó su determinación a la Reconsideración solicitada el 11 de febrero de 2025.
[2] Véase: *Pueblo v. Cardona López*, 196 DPR 513 (2016)

conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recurso. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Por los fundamentos antes expresados, **denegamos** la expedición del auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*