ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ROBERTO RÍOS CAPIELO<br><br>Apelado<br><br><br>v.<br><br><br>MUNICIPIO AUTÓNOMO DE PONCE; MAPFRE; ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Apelantes | KLAN202500249 | *Apelación* se acoge como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.: PO2023CV03624<br><br>Salón: 602<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de mayo de 2025.

Comparece la peticionaria de epígrafe, mediante documento titulado *Apelación Civil,* este recurso discrecional de *Certiorari*, solicita nuestra intervención a los fines de revocar una Resolución denegatoria de Sentencia Sumaria dictada en una Sentencia Parcial donde se desestimó el pleito en cuanto a otro co-demandado, emitida, archivada y notificada por el Tribunal de Primera Instancia dictada el 3 de febrero de 2025[1].

Hemos deliberado los méritos del recurso y concluimos declinar la invitación a intervenir con la decisión del TPI. A pesar de que este Tribunal de Apelaciones no tiene que fundamentar su determinación al

---

[1] El TPI atendió una oportuna *Moción de Reconsideración* que fuera presentada y fuera declarada No Ha Lugar.

Número Identificador:
RES2025_____

denegar un recurso de *Certiorari*,[2] en ánimo de que no quede duda en la mente de las partes sobre los fundamentos al denegar ejercer nuestra facultad revisora, abundamos.

Hemos examinado la Resolución emitida por el distinguido Magistrado del TPI y entendemos que no abusa de su discreción, ni erra en derecho al disponer de la forma en que lo hizo. De hecho, coincidimos con el foro *a quo* en cuanto a los hechos que aún están en controversia para ser atendidos en el Juicio en su Fondo.

En consideración a lo anterior, y luego de evaluar detenidamente el expediente ante nos, no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

Además, no identificamos fundamentos jurídicos que nos muevan a expedir el auto de *Certiorari* solicitado, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recurso. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Por los fundamentos antes expresados, ***denegamos*** la expedición del auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

[2] Véase: *Pueblo v. Cardona López*, 196 DPR 513 (2016)