ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III[1]

| JESSICA DE JESÚS RIVERA<br><br>Recurrida<br><br><br>V.<br><br><br>WALMART PUERTO RICO, INC.<br><br>Peticionaria | KLCE202500572 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br>_____<br>Civil Núm.: GM2024CV00371<br>Sala: 302<br>_____<br>SOBRE:<br>DESPIDO INJUSTIFICADO (LEY NÚM. 80) |

Panel integrado por su presidente el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de julio de 2025.

Comparece Walmart Puerto Rico, Inc., en adelante Peticionaria, mediante este recurso discrecional de *Certiorari*, solicitando nuestra intervención a los fines de revocar una *Resolución* emitida el 9 de mayo de 2025 y notificada por el Tribunal de Primera Instancia el 16 de mayo de 2025 mediante la cual el Tribunal declaró *No Ha Lugar* cierta *Moción de Sentencia Sumaria.*

Hemos deliberado los méritos del recurso y concluimos declinar la invitación a intervenir con la decisión del TPI. A pesar de que este Tribunal de Apelaciones no tiene que fundamentar su determinación al denegar un recurso de *Certiorari*,[2] en ánimo de que no

_____

[1] Mediante la Orden Administrativa DJ-2024-062C del 6 de mayo de 2025 se designó al Hon. Carlos I. Candelaria Rosa, Presidente del Panel III, en sustitución del Hon. Félix R. Figueroa Cabán, quien se acogió al retiro el 5 de mayo de 2025.
[2] Véase: *Pueblo v. Cardona López*, 196 DPR 513 (2016)

Número Identificador:

RES2025_____

quede duda en la mente de las partes sobre los fundamentos al denegar ejercer nuestra facultad revisora, abundamos.

Hemos examinado la Moción de Sentencia Sumaria y la Resolución impugnada mediante este recurso y entendemos que el distinguido Magistrado del TPI no abusa de su discreción, ni erra en derecho al resolver de la forma que lo hizo. El TPI claramente estableció en su resolución los hechos que no están en controversia, y en su análisis definió cuáles asuntos aún requieren una vista en su fondo para dirimir la controversia.

De entrada, queda en controversia si las condiciones de trabajo de la recurrida son de carácter insostenible para ella, hasta el punto que aun habiendo una continuidad laboral entre una empresa que cesa operaciones en esa industria y una que adquiere las operaciones, constituya esto una interrupción laboral que equivalga a un despido al amparo de la Ley 80, y a su vez, requiera que se entre en el análisis de si es injustificado o no el despido.

En esencia, ese es el único hecho en controversia que no permitiría la disposición Sumaria de la controversia, según el dictamen recurrido, aunque en la Resolución el Magistrado enumeró unos adicionales, los cuales constituyen conclusiones de derecho y no necesariamente hechos en controversia.

Como segundo hecho en controversia, este Foro Revisor, cumpliendo con su encomienda de revisar de novo la Moción de Sentencia Sumaria, establecería el siguiente:

2. ¿Cuál es la antigüedad de la recurrida en la nueva empresa?

Esta incógnita en la evidencia documental que acompaña la Moción dispositiva presentada por la empresa peticionaria incide en si este cambio constituye un despido o no.

En consideración a lo anterior, y luego de evaluar detenidamente el expediente ante nos, no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

Además, no identificamos fundamentos jurídicos que nos muevan a expedir el auto de *Certiorari* solicitado, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recurso. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Por los fundamentos antes expresados, **denegamos** la expedición del auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*