ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br><br><br><br>EZEQUIEL OLIVO BIDO<br><br>Peticionario | TA2025CE00137 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br>_____<br>Crim. Núm.:<br>D VI2025G0025<br>D DC2025G0003<br>D OP2025G0016<br>D AL2025G0072 AL 0073<br><br>SALA: 705<br>_____<br>SOBRE:<br>ART. 93(A)(2012) Y OTROS |

Panel integrado por su presidente el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de julio de 2025.

Comparece el peticionario de epígrafe, mediante este recurso discrecional de *Certiorari*, solicitando nuestra intervención a los fines de revocar una *Resolución* emitida y notificada por el Tribunal de Primera Instancia el 11 de junio de 2025, mediante la cual se deniega la solicitud de desestimación al amparo de la Regla 64(P) de Procedimiento Criminal que hiciese el Peticionario alegando que la distinguida Jueza del TPI que atendió la Vista Preliminar del hoy acusado, "violentó el derecho sagrado a la representación legal efectiva del derecho a la asistencia de abogado y el derecho constitucional básico del careo y de la confrontación con la prueba de cargo"[1].

---

[1] Véase página 5 del apéndice del Peticionario en el expediente electrónico.

Hemos deliberado los méritos del recurso y concluimos declinar la invitación a intervenir con la decisión del TPI. A pesar de que este Tribunal de Apelaciones no tiene que fundamentar su determinación al denegar un recurso de *Certiorari*,[2] en ánimo de que no quede duda en la mente de las partes sobre los fundamentos al denegar ejercer nuestra facultad revisora, abundamos.

Hemos examinado la Resolución emitida por la distinguida Magistrada del TPI que atendió la solicitud de desestimación, así como el expediente del recurso presentado ante nos, y entendemos que no abusa de su discreción, ni erra en derecho al rechazar la desestimación solicitada.

De un examen de los acontecimientos del caso, podemos identificar que la vista había comenzado el año pasado el 27 de diciembre de 2024. Al no poderse finalizar ese día, se señaló para continuación el 18 de febrero de 2025, fecha acordada entre los abogados de los dos imputados, el Ministerio Público y el Tribunal. Para ese segundo señalamiento, ambos abogados de defensa tuvieron algún contratiempo, lo que es comprensible, y a solicitud de la defensa se ordenó la continuación de la Vista Preliminar para el 20 de febrero de 2025 a las 2:00 pm.

Así las cosas, el día pautado, el Ministerio Público culminó con el interrogatorio directo del testigo de cargo, el cual está participando mediante un acuerdo de inmunidad, y al que tienen bajo protección fuera de la jurisdicción, por lo que se considera un

---

[2] Véase: *Pueblo v. Cardona López*, 196 DPR 513 (2016)

testigo *viajero*, por lo que el Estado tiene que incurrir en gastos adicionales para trasladarlo cada vez que comparezca al Tribunal. Manifiesta el Peticionario que el Ministerio Público culminó su examen directo del testigo a las 4:25 pm. Es en ese momento que los compañeros abogados perdieron el norte en su brújula jurídica.

El calendario de cualquier salón de sesiones del Tribunal General de Justicia de Puerto Rico lo maneja el Juez que preside el Salón, no los abogados. Si el abogado se cantó preparado para la continuación del caso, el caso continúa mientras esté abierto el recinto. Este caso ameritaba los arreglos coordinados con la administración de seguir luego de las 5:00 pm, ya que era una continuación de vista con un testigo viajero.

En ningún lugar en nuestro ordenamiento dice que el contrainterrogatorio de un testigo de cargo, para que la representación legal sea adecuada, no puede comenzar luego de las 4:30 pm. De hecho, el planteamiento del abogado del peticionario, de que tenía que estudiar la Declaración Jurada del testigo, pierde fuerzas cuando **ya los abogados tenían la susodicha declaración**, antes de que declarara el testigo ese día. En adición, la declaración jurada contaba con 9 páginas, no era un tomo enciclopédico que no permitiera a unos compañeros abogados, del calibre de los compañeros que representan al Peticionario y su co-acusado[3], prepararse adecuadamente para iniciar su contrainterrogatorio.

Si el contrainterrogatorio de este testigo va a ser tan extenso que de alguna forma no se pudiera terminar

---

[3] El co-acusado en cuestión no comparece ante este Foro Revisor.

la Vista Preliminar ese día, se le demuestra a la Jueza del TPI con los actos durante el contrainterrogatorio. La actuación de los letrados[4] al decidir como indican en su Moción, **"que la mejor defensa para los intereses de nuestro cliente en este momento, era el silencio y dejar que el atropello se consumara"** (Énfasis en el original), no solo es hipérbole irrespetuosa, sino que es un error al defender un cliente.

Como indicáramos anteriormente, solo con el proceso del contrainterrogatorio se le podía demostrar a la Jueza que necesitaban extender la Vista Preliminar para el día siguiente; no entregando las armas del litigio.

De igual forma, el Peticionario imputa error al Tribunal de Primera Instancia al no desestimar los pliegos acusatorios por los delitos de Secuestro; Conspiración; y Ley de Armas, simplemente aduciendo que no se configuraron los elementos de los mismos, sin ponernos en posición sobre el testimonio vertido en la Vista Preliminar, ya sea anunciando una transcripción de la prueba oral o sometiendo la regrabación. Ni siquiera hace referencia a parte del testimonio del testigo de cargo para fundamentar su solicitud.

En consideración a lo anterior, y luego de evaluar detenidamente el expediente ante nos, no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

---

[4] Se incluye el plural, ya que aunque la Moción [Solicitando] Desestimación 64(P) aludida en este recurso es de un solo acusado, en el contenido de la misma pluralizan la actuación. Véase página 29 del apéndice en el expediente electrónico.

Además, no identificamos fundamentos jurídicos que nos muevan a expedir el auto de *Certiorari* solicitado, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recurso. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Por los fundamentos antes expresados, ***denegamos*** la expedición del auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*