ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| FRANCISCO ORSINI MALDONADO<br><br>Parte Recurrida<br><br><br>V.<br><br><br><br>MERCEDES JENOURI MALDONADO<br><br>Parte Peticionaria | TA2025CE00359 | *CERTIORARI* procedente del Tribunal de Primera Instancia de Guaynabo<br><br>_____<br>Caso Núm.: GB2024RF00098<br><br>_____<br>SOBRE:<br><br>DECLARACIÓN DE INCAPACIDAD Y DESIGNACIÓN DE TUTOR, NOMBRAMIENTO DE ADMINISTRADOR JUDICIAL DE LOS BIENES DEL FINADO (CAUSANTE), DIVISIÓN O LIQUIDACIÓN DE LA COMUNIDAD DE BIENES HEREDITARIOS |

Panel integrado por su presidenta la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

# **R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 10 de septiembre de 2025.

Comparecen Mercedes Maldonado Collazo y Mercedes Jenouri Maldonado, en adelante parte Peticionaria, mediante este recurso discrecional de *Certiorari*, solicitando nuestra intervención a los fines de revocar una *Orden* emitida y notificada por el Tribunal de Primera Instancia el 13 de agosto de 2025, reiterada el 18 de agosto del mismo año, mediante la cual el foro inferior declaró No Ha Lugar la oposición de la parte peticionaria a que se le provea acceso a la presunta incapaz para que

esta sea depuesta por la Procuradora de Asuntos de Familia.

Luego de examinar el expediente ante nos, optamos por prescindir de los términos, escritos o procedimientos ulteriores. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Hemos deliberado los méritos del recurso y concluimos declinar la invitación a intervenir con la decisión del TPI. A pesar de que este Tribunal de Apelaciones no tiene que fundamentar su determinación al denegar un recurso de *Certiorari*,[1] en ánimo de que no quede duda en la mente de las partes sobre los fundamentos al denegar ejercer nuestra facultad revisora, abundamos.

Hemos examinado la Orden dictada por la distinguida Magistrada del TPI, y el expediente electrónico del caso y entendemos que no abusa de su discreción, ni erra en derecho al resolver de la forma que lo hizo.

En consideración a lo anterior, y luego de evaluar detenidamente el expediente ante nos, no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

Además, no identificamos fundamentos jurídicos que nos muevan a expedir el auto de *Certiorari* solicitado, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de

---

[1] Véase: *Pueblo v. Cardona López*, 196 DPR 513 (2016)

recurso. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Por los fundamentos antes expresados, **denegamos** la expedición del auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*