Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Puerto Rico with a Purpose, L3C<br><br>        Peticionaria<br><br>        vs.<br><br>Stephanie Del Valle Díaz, Reignite Puerto Rico, Inc., Jesús Manuel Del Valle Padilla, Diana Esther Díaz Rolón y Wanda Ivette Boria Justiniano, X, Y, Z<br><br>        Recurridos | KLCE202400439 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil Núm.:<br>SJ2022CV00872<br><br>Sobre:<br>*Injunction* (Entredicho provisional, *injunction* preliminar y permanente |

Panel integrado por su presidente, el Juez Rivera Colón, la Jueza Lebrón Nieves y la Jueza Rivera Marchand.

Rivera Colón, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece ante nos, Puerto Rico with a Purpose, L3C (PRwaP o peticionario), quien presenta recurso de *Certiorari* en el que solicita la revocación de la "Resolución" emitida el 1 de febrero de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la "Solicitud de Sentencia Sumaria Parcial" presentada por el peticionario, y ordenó la continuación de los procedimientos.

Examinada la solicitud de autos, así como la "Solicitud de Desestimación y Oposición a Petición de *Certiorari"*, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, declaramos No Ha Lugar la solicitud de

---

[1] Notificada en igual fecha.

desestimación y denegamos el recurso presentado mediante los fundamentos que expondremos a continuación.

**I.**

El 8 de febrero de 2022, PRwaP presentó una demanda por cobro de dinero, daños y perjuicios e *injunction* preliminar y permanente contra Reignite Puerto Rico, Inc. (Reignite), su presidenta, la señora Stephanie del Valle Díaz (Sra. del Valle Díaz), su agente residente, el señor Jesús Manuel del Valle Padilla (Sr. del Valle Padilla), su secretaria y tesorera, la señora Diana Díaz Rolón (Sra. Díaz Rolón), y su incorporadora, la señora Wanda Boria Justiniano (Sra. Boria Justiniano) (en conjunto, recurridos). En esencia, alegó que Reignite fue contratado como organizador local de Miss Mundo 2021, y acordó proporcionar todos los fondos necesarios para llevar a cabo el concurso. Sin embargo, adujo que, ante ciertas dificultades financieras, Reignite contrató al peticionario, quien acordó adelantar los fondos a cambio de todos los fondos de patrocinio, tanto gubernamentales como privados. No obstante, adujo que, aunque Reignite recibió fondos de patrocinio por la suma de $1,225,000.00, dicha entidad no tenía la intención de pagar los fondos. Lo anterior, pues, Reignite ordenó a su banco a detener el pago de ciertos cheques y, como resultado de esto, los mismos fueron rechazados cuando se intentó su depósito. Por lo anterior, solicitó el pago de los $1,225,000.00, un *injunction* a los fines de que se le ordenase a Reignite a abstenerse de impedir el cobro de dinero, $1,500,000.00 en concepto de daños, más honorarios, costas y gastos de litigio.

En respuesta, el 17 de febrero de 2022, los recurridos presentaron sus alegaciones responsivas. A su vez, reconvinieron contra la peticionaria por alegada difamación, en las modalidades de calumnia y libelo. La Sra. del Valle Díaz reclamó un total de $31,000,000.00 por concepto de daños morales, angustias

mentales, lucro cesante y daños punitivos. Por su parte, el Sr. del Valle Padilla, la Sra. Díaz Rolón y la Sra. Boria Justiniano solicitaron una compensación de $5,500,000.00 por daños morales y daños punitivos.

Tras varias incidencias procesales impertinentes a nuestro reclamo, el 30 de septiembre de 2023, PRwaP presentó una "Solicitud de Sentencia Sumaria Parcial" y, en síntesis, sostuvo que las reconvenciones presentadas por los recurridos son improcedentes, toda vez que éstos alegaron que fueron difamados por las alegaciones contenidas en la demanda. A esos efectos, argumenta que, en nuestra jurisdicción, las expresiones escritas u orales vertidas durante un proceso judicial gozan de inmunidad y, por tanto, no procede una acción en daños y perjuicios como consecuencia de un pleito civil. Además, añadió que, en sus méritos, no puede sostenerse una causa de acción por difamación porque: (1) al momento de presentarse la demanda, existía una creencia razonable de que Reliable no pagaría según acordado; (2) no se ha adjudicado la falsedad de las alegaciones; (3) no existe prueba sobre intención de difamar; (4) la Sra. del Valle Díaz es una figura pública, y no se probó malicia real; y (5) los recurridos no han presentado prueba que demuestre que la presentación de la demanda les causó daños, y tampoco presentaron evidencia para sustentar las cuantías expuestas en sus reclamos.

El 20 de noviembre de 2023, los recurridos presentaron su "Oposición a Sentencia Sumaria" y, en lo pertinente, aludieron a la existencia de hechos materiales en controversia que impiden la resolución sumaria del pleito. Al respecto, expuso que existen controversias sobre la cuantía de los daños reclamados, en cuanto a la credibilidad de los testigos y, sobre todo, respecto a la intención del peticionario al incoar la demanda.

Posteriormente, el 11 de diciembre de 2023, PRwaP presentó una "Réplica a Oposición a Sentencia Sumaria", y esgrimió que, no tan solo se aceptaron la mayoría de los hechos incontrovertidos propuestos por el peticionario, sino que, los restantes hechos sobre los cuales los reconvenientes entienden hay controversia en realidad no fueron controvertidos. Por tanto, reiteró se dicte sentencia sumaria parcial desestimando la reconvención presentada por los recurridos.

Así pues, el 20 de diciembre de 2023, los recurridos presentaron su "Dúplica a Réplica a Oposición a Sentencia Sumaria", y reiteró que persisten controversias que impiden se resuelva el pleito por la vía sumaria. Así, reafirmó la celebración del juicio en su fondo.

Evaluados los escritos presentados por ambas partes, el 1 de febrero de 2024,[2] el Tribunal de Primera Instancia emitió una "Resolución", y declaró No Ha Lugar la "Solicitud de Sentencia Sumaria Parcial" presentada por PRwaP. Determinó que, existen controversias de hechos que impiden que se disponga de la causa de acción de la reconvención sumariamente y, por ende, corresponde la celebración de un juicio plenario para evaluar la prueba y las alegaciones de cada parte.

Inconforme, el 16 de febrero de 2024, PRwaP presentó una "Moción de Reconsideración" y, en resumidas cuentas, indicó que el foro primario debía reconsiderar su decisión, bajo los siguientes argumentos: (1) cinco de los siete hechos que el tribunal determinó estaban en controversia se fundamentan en la presentación y alegaciones comprendidas en la demanda, aspecto sobre el cual existe inmunidad; (2) en el presente caso, los recurridos no han producido prueba de que hayan sufrido daños compensables por razón de la presentación de la demanda, y lo único que pudieron

---

[2] Notificada ese mismo día.

aportar fueron meras alegaciones; y (3) en su "Resolución", el foro recurrido aceptó varios hechos medulares que demuestran: (a) ausencia de intención o ánimo para difamar o hacerles daño a los recurridos, y (b) que los daños alegados en la reconvención no se sustentan con prueba.

Los recurridos presentaron "Oposición a Reconsideración" el 5 de marzo de 2024. En términos generales, destacaron que: (1) las expresiones que provocaron daños a los recurridos no surgen de un proceso judicial, sino de las entrevistas extra-judiciales en los medios de comunicación; (2) el Tribunal no está impedido de conceder a los recurridos su día en corte, ni de escuchar testimonio sobre los daños alegados en la reconvención; (3) la evidencia específica de daños se sustenta con el testimonio de los recurridos, por lo que con más razón, resultaría necesaria la evaluación de prueba testifical; y (4) es necesario evaluar si el Lcdo. Marco Antonio Rigau era una persona autorizada para representar al peticionario, por lo que, aún más se justifica que se vea el juicio.

Así las cosas, el 11 de marzo de 2024, PRwaP presentó una "Réplica a Oposición a Moción de Reconsideración", y reiteró sus argumentos en apoyo a que se desestimen las reconvenciones instadas por los recurridos.

Finalmente, el 15 de marzo de 2024, los recurridos presentaron una "Dúplica a Réplica a Oposición a Moción de Reconsideración", y reafirmaron la necesidad de que se celebre el juicio en su fondo.

Atendidas las posturas de ambas partes, el 17 de marzo de 2024,[3] el foro *a quo* emitió una "Resolución", y declaró No Ha Lugar la "Moción de Reconsideración" presentada por el peticionario.

---

[3] Notificada el 18 de marzo de 2024.

Aún insatisfecho, PRwaP recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores, a saber:

*Erró el Honorable Tribunal de Primera Instancia al denegar la Solicitud de Sentencia Sumaria Parcial presentada por la parte peticionaria y entender que figuran aun controversias que ameritaban la celebración de un juicio en los méritos, cuando existe un impedimento en derecho para proseguir con la causa de acción por difamación, libelo o calumnia pues esta se basa en alegaciones incluidas en una demanda.*

*Erró el Honorable Tribunal de Primera Instancia al expresar en la Resolución recurrida que ameritaba la celebración de un juicio en su fondo por entender que existe controversia de hechos en torno a si PRwaP por sí, o por conducto de su entonces representante legal, emitió expresiones públicas de modo malicioso.*

*Erró el Honorable Tribunal de Primera Instancia al declarar "No ha Lugar" la Moción de Sentencia Sumaria Parcial presentada por la peticionaria, a pesar de que la reclamación por difamación o libelo es improcedente en sus méritos porque al momento de la presentación de la demanda PRwaP no había recibido pago de parte de la allí parte demandada, por lo que no podía considerarse falsas las expresiones contenidas en la reclamación. Tampoco la parte reconviniente ató a PRwaP con alguna intención de hacer daño, así como que no se identificaron con especificidad y prueba fehaciente aquellos que pudieran ser objeto de posible compensación.*

**II.**

**-A-**

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar aquellas resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo intermedio podrá revisar órdenes o resoluciones interlocutorias dictadas por el foro primario cuando se recurra de lo siguiente: (1) decisiones sobre la admisibilidad de testigos de

hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Por su parte, nuestro Alto Foro ha expresado que el auto de *Certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Si bien el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Además, resulta pertinente apuntar el hecho de que los tribunales de instancia poseen gran flexibilidad y discreción para lidiar con el manejo diario y la tramitación de los asuntos judiciales. *BPPR v. SLG Gómez-López*, 2023 TSPR 145, citando a *In re Collazo I*, 159 DPR 141, 150 (2003). De esta forma, se les ha reconocido a los jueces el poder y la autoridad suficiente para conducir los asuntos ante su consideración de la forma y manera que su buen juicio les indique. *In re Collazo I, supra*, a la pág. 150. En *Mejías v. Carrasquillo*, 185 DPR 288, 306-307 (2012), nuestro Alto Foro expresó que:

> *La deferencia al juicio y a la discreción del foro sentenciador está fundamentada en el principio de que los foros apelativos no pueden pretender conducir ni manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia. Como es harto sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final.*

En ese sentido, y como norma general, este Tribunal de Apelaciones no intervendrá en el manejo del caso ante la consideración del foro primario. *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 273 (2021). No obstante, la discreción no opera en el vacío, y tampoco implica que los tribunales puedan actuar sin limitación alguna. *BPPR v. SLG Gómez-López, supra*. Por consiguiente, y a modo de excepción, este foro apelativo intervendrá con el ejercicio de la discreción que posee el Tribunal de Primera Instancia, únicamente cuando se demuestre que este último: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Por ende, si la determinación que toma el Tribunal de Primera Instancia es una revestida de discreción y, a su vez, resulta razonable, nos abstendremos de intervenir con esta. *BPPR v. SLG Gómez-López, supra.* Después de todo, "los foros apelativos no deben pretender administrar ni manejar el trámite regular de los casos ante el foro primario". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013).

**-B-**

La sentencia sumaria es un mecanismo procesal provisto por nuestro ordenamiento con el fin de propiciar la solución justa, rápida y económica de pleitos que no contengan controversias genuinas de hechos materiales, y en los cuales resulta innecesaria la celebración de un juicio. *Rosado Reyes v. Global Healthcare,* 205 DPR 796, 808 (2020); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 115 (2015); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013).

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V., R. 36, regula el mecanismo de sentencia sumaria. En lo pertinente, procede dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada, si alguna, demuestran la inexistencia de controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho procede hacerlo. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); *Rosado Reyes v. Global Healthcare, supra*, a las págs. 808 y 809.

El promovente de la sentencia sumaria deberá demostrar que no existe controversia real sustancial de ningún hecho material. Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a); *Rosado Reyes v. Global Healthcare, supra*, a la pág. 808. Un hecho material es definido como aquel que "puede afectar el

resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 129-130 (2012). Se podrá derrotar una moción de sentencia sumaria si existe una "duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes". *Íd.*, a la pág. 130; *Pepsi-Cola v. Mun. Cidra et al.*, 186 DPR 713, 756 (2012).

La Regla 36.3(a) de Procedimiento Civil, *supra*, dispone que la moción de sentencia sumaria deberá contener:

> *1. Una exposición breve de las alegaciones de las partes;*
> *2. los asuntos litigiosos o en controversia;*
> *3. la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
> *4. una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
> *5. las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
> *6. el remedio que debe ser concedido.*

Por su parte, quien se opone a la sentencia sumaria deberá presentar su contestación dentro del término de 20 días desde que fue notificada. Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b). Si ésta no presenta su contestación dentro del referido término, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal. Regla 36.3(e) de Procedimiento Civil, *supra*. Además, deberá "contestar de forma tan detallada y específica como lo haya hecho la parte promovente". Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c). De igual forma, deberá relacionar de forma concisa los párrafos, según enumerados por la parte promovente, que a su juicio están en controversia y deberá refutar los hechos materiales que están en controversia presentando evidencia sustancial. Regla 36.3(b)(2) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b)(2); SLG

*Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 336 (2021), *Rosado Reyes v. Global Healthcare, supra,* a la pág. 808; *Pepsi-Cola v. Mun. Cidra et al., supra,* a la pág. 756.

Toda inferencia que se haga de los hechos incontrovertidos debe efectuarse de la forma más favorable a la parte que se opone a la sentencia sumaria. *Const. José Carro v. Mun. Dorado, supra,* a la pág. 130; *Pepsi-Cola v. Mun. Cidra et al., supra,* a la pág. 756. Nuestro Tribunal Supremo ha expresado que, "el hecho de que la otra parte no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica necesariamente que dicha moción procederá automáticamente si en verdad existe una controversia sustancial sobre hechos esenciales y materiales". SLG *Fernández-Bernal v. RAD-MAN et al., supra,* a la pág. 337. No se dictará sentencia sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho no procede. *Pepsi-Cola v. Mun. Cidra et al., supra,* a la pág. 756. Tampoco procede dictar sentencia por la vía sumaria "en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa". *Ramos Pérez v. Univisión,* 178 DPR 200, 219 (2010).

Nuestro Máximo Foro ha reiterado que el Tribunal de Apelaciones se encuentra en igual posición que los tribunales de primera instancia al revisar solicitudes de sentencia sumaria. *Rosado Reyes v. Global Healthcare, supra,* a la pág. 809. Es por lo que, el Tribunal de Apelaciones "está regido por la Regla 36 de Procedimiento Civil, *supra,* y aplicará los mismos criterios que esa

regla y la jurisprudencia le exigen al foro primario". *Meléndez González et al. v. M. Cuebas, supra,* a la pág. 118. El Tribunal de Apelaciones no podrá considerar documentos que no fueron presentados ante el foro primario, ni adjudicar hechos materiales y esenciales en controversia. *Íd.,* a las págs. 114 y 115. Los criterios a seguir por este tribunal al atender la revisión de una sentencia sumaria dictada por el foro primario han sido enumerados con exactitud por nuestro Tribunal Supremo. *Roldán Flores v. M. Cuebas et al,* 199 DPR 664, 679 (2018). A tenor, el Tribunal de Apelaciones debe:

> *1) examinar de novo el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, supra, y la jurisprudencia le exigen al foro primario;*
>
> *2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, supra;*
>
> *3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y*
>
> *4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.*

### III.

A pesar de que este Tribunal de Apelaciones no tiene la obligación de fundamentar su determinación al denegar un recurso de *Certiorari,*[4] en ánimo de disipar cualquier duda, abundamos.

Según surge del trámite procesal discutido, el Tribunal de Primera Instancia, dentro de la discreción que posee en el manejo del caso, emitió una "Resolución" mediante la cual declaró No Ha Lugar la "Solicitud de Sentencia Sumaria Parcial" presentada por PRwaP. Lo anterior, por entender que persisten controversias de hechos que impiden que se disponga sumariamente de la

---

[4] Véase, *Pueblo v. Cardona López,* 196 DPR 513 (2016).

reconvención presentada por los recurridos. Específicamente, dispuso que existen controversias sobre los siguientes hechos, a saber:

> *1. Si PRwaP presentó la demanda de epígrafe en contra de Stephanie del Valle de manera maliciosa y malintencionada para destruir su imagen y reputación como ex Miss Mundo 2016.*
>
> *2. Si PRwaP, por sí o por medio de su representante legal, se expresó públicamente y de manera maliciosa en contra de las partes codemandadas-reconvinientes.*
>
> *3. Si las partes codemandadas-reconvinientes sufrieron daños por la presentación de la demanda de epígrafe en su carácter personal.*
>
> *4. Si las partes codemandadas-reconvinientes sufrieron daños por pérdida de negocios o posibilidades de contrataciones futuras en sus respectivas profesiones debido a la presentación de la demanda de epígrafe.*
>
> *5. Si las partes codemandadas-reconvinientes sufrieron daños por pérdida de negocios o posibilidades de contrataciones futuras en sus respectivas profesiones debido a los alegados comentarios que llevó a cabo PRwaP por los medios.*
>
> *6. Si las partes codemandadas-reconvinientes sufrieron daños y angustias mentales por la presentación de la demanda de epígrafe en su carácter personal.*
>
> *7. Si Jesús del Valle y Diana Díaz sufrieron angustias mentales como consecuencia del alegado sufrimiento de Stephanie del Valle por las alegaciones de la demanda.*

En su escrito, el peticionario, básicamente, trae a nuestra atención los mismos argumentos que presentó ante el foro recurrido. Primero, aduce que, la adjudicación de estos hechos, específicamente los hechos 1, 3, 4, 6 y 7, dependen de que se pase juicio sobre las alegaciones incluidas en la "Demanda". Su postura es que, en nuestro ordenamiento jurídico, no se reconoce una acción en daños como consecuencia de un pleito civil, por lo que el tribunal está impedido de ejercer un remedio bajo estos cinco (5) hechos. Fundamenta su postura en lo resuelto por nuestro Tribunal Supremo en *Giménez Alvarez v. Silen Maldonado*, 131 DPR 91 (1992). Discrepamos.

El caso de *Giménez Alvarez v. Silen Maldonado, supra,* es claramente distinguible del que atendemos, pues, en ese caso, "las expresiones alegadamente difamatorias fueron hechas en las alegaciones de la demanda jurada por el demandante". *Íd.*, a la pág. 101. Por el contrario, en el caso de autos, los recurridos han alegado que las expresiones difamatorias no surgen de la "Demanda" *per se,* sino por las "manifestaciones públicas maliciosas y dañinas [que se hicieron] en contra de los reconvenientes",[5] como parte de un "recorrido mediático publicando maliciosamente falsedades, imputaciones y acusaciones".[6] En otras palabras, la contención de los recurridos es que "se publicó la demanda como un acto informativo noticioso,… [con el propósito de] provocar mediante un recorrido mediático, toda una compaña de odio y repudio hacia la Miss Mundo 2016, Stephanie del Valle Díaz, a sabiendas que las mentiras e imputaciones que se estaban publicando ocasionarían un daño irreparable".[7]

Claramente, esta no es la situación contemplada en el caso *Giménez Alvarez v. Silen Maldonado, supra,* ni mucho menos, en la sección 4 de la Ley de Libelo y Calumnia, 32 LPRA sec. 3144, ya que las expresiones alegadamente difamatorias no se han hecho en un procedimiento judicial, sino al margen de este, o sea, en los distintos medios noticiosos e informativos.

Como si fuera poco, el foro recurrido lo que interesa conocer es si, en efecto, las expresiones alegadamente difamatorias se hicieron de manera maliciosa y malintencionada, por lo que existen elementos subjetivos, de intención, propósitos mentales, y factores de credibilidad esenciales que están en disputa. Esto, de por sí, impide el remedio sumario solicitado.

---

[5] Véase, Dúplica pág. 2.
[6] Véase, Oposición págs. 1-2.
[7] *Íd.*, a la pág. 3.

Por otro lado, PRwaP argumenta que dicha entidad, "ni ningún miembro, contratista, empleado o agente de esta tuvo **la intención** de causar daños" con la presentación de la reclamación.[8] (Énfasis nuestro). A tales efectos, expone que "al momento de la presentación de la demanda existía una creencia razonable" de que los recurridos no tenían intención de pago.[9] Reiteramos que, este asunto es uno que envuelve la evaluación de elementos subjetivos de intención, y tampoco debe disponerse mediante sentencia por la vía sumaria.

Es más, el peticionario nos invita a resolver el pleito sumariamente debido a que, "ya que existe ausencia de prueba que sujete a PRwaP con las alegaciones **maliciosas o intencionales** imputadas". (Énfasis provisto). En apoyo a sus contenciones, resaltó que "los recurridos no tienen prueba específica de daños, y que lo único que pudieron aportar fueron meras alegaciones **que se apoyan en su propio testimonio en torno a los supuestos daños que sufrieron**".[10] (Énfasis suplido). Por ende, con más razón resultaría necesaria la celebración de una vista en su fondo, pues se trata de un asunto que envuelve factores de credibilidad, y resulta útil que el Tribunal tenga ante sí prueba testifical.

Por las razones que anteceden, concluimos que la determinación del foro recurrido fue correcta en derecho y no amerita nuestra intervención. Además, como regla general, este foro apelativo intermedio no debe intervenir en determinaciones interlocutorias relacionadas al manejo del caso, y la determinación recurrida no es la excepción.

En consideración a lo anterior, y luego de evaluar detenidamente el expediente ante nuestra consideración, no

---

[8] Véase, recurso pág. 18.
[9] Véase, recurso págs. 17-18.
[10] Véase, recurso pág. 21.

encontramos fundamento alguno que amerite la expedición del presente recurso. Examinados los hechos particulares de este caso, resolvemos que el foro primario no abusó de su discreción. En vista de lo anterior, resulta meridianamente claro que el caso de epígrafe no nos presenta alguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que requiera la expedición del auto de *Certiorari* para sustituir nuestro criterio por el ejercicio de discreción y manejo del caso que la Regla 37 de Procedimiento Civil claramente le reconoce al foro de instancia.

Por los fundamentos antes expresados, denegamos la expedición del auto de *Certiorari* solicitado, devolviendo el asunto al foro de origen para la continuación de los procedimientos.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, declaramos No Ha Lugar la solicitud de desestimación y denegamos el recurso de *Certiorari* solicitado por Puerto Rico With a Purpose, L3C.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones