Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| RAMÓN E. MELÉNDEZ NEGRÓN, MARÍA DEL C. ORTIZ VÁZQUEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE ELLOS; PEDRO J. MELÉNDEZ ORTIZ; RAMÓN L. MELÉNDEZ ORTIZ<br><br>Recurrida<br><br>v.<br><br>HOSPITAL GENERAL MENONITA, INC. t/c/c MENNONITE GENERAL HOSPITAL, INC., h/n/c HOSPITAL MENONITA DE AIBONITO; FACULTAD MÉDICA HOSPITAL MENONITA AIBONITO, INC.; DRA. ENID SANTOS CINTRÓN; SR. MENGANO DE TAL; SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE LA DRA. ENID SANTOS CINTRÓN Y EL SR. MENGANO DE TAL; ENFERMERA SRA. OLGA L. PIZARRO ALVARADO; SR. FULANO DE TAL; SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE LA ENFERMERA SRA. OLGA L. PIZARRO ALVARADO Y EL SR. FULANO DE TAL; SR. O SRA. SUTANO DE TAL Y LA SRA. O SR. SUTANO DE TAL; PEDIATRIC PRO & MEDICINE, LLC; DRA. MILAGROS T. REYES MORA; SR. JORGE E. DEL VALLE PÉREZ; SOCIEDAD LEGAL DE GANACIALES COMPUESTA ENTRE LA DRA. MILAGROS T. REYES MORA Y EL SR. JORGE E. DEL VALLE PÉREZ; THE MEDICAL PROTECTIVE | KLCE202400853 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de AIBONITO<br><br>Caso Núm.: AI2023CV00419<br><br>Sobre: Impericia Médica Profesional; Responsabilidad del Hospital; Daños y Perjuicios |

Número Identificador

RES2024 _____

| COMPANY (MedPro); PUERTO RICO MEDICAL DEFENSE INSURANCE COMPANY; SIMED; COMPAÑÍA DE SEGUROS GHI; COMPAÑÍA DE SEGUROS JKL; COMPAÑÍA DE SEGUROS STU<br><br>**PEDIATRIC PRO & MEDICINE, LLC; DRA. MILAGROS T. REYES MORA; SR. JORGE E. DEL VALLE PÉREZ Y LA SOCIEDAD LEGAL DE GANANCIALES**<br><br>Recurrida | | |
|---|---|---|

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de septiembre de 2024.

El 7 de agosto de 2024, Pediatric Pro and Medicine, LLC, la Dra. Milagros T. Reyes Mora, el Sr. Jorge E. Del Valle Pérez y la Sociedad Legal de Gananciales (en adelante y conjuntamente, los peticionarios) presentaron *Petición de Certiorari*. En este, nos solicitan que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito (en adelante, TPI o foro primario) el 14 de mayo de 2024, y notificada el 16. Por virtud del aludido dictamen, el foro primario denegó la *Moción de Desestimación* que estos sometieron en el pleito de epígrafe el 16 de febrero del año en curso.

Examinado el expediente y sopesados los argumentos de las partes, **denegamos** expedir el auto solicitado.

-I-

El pleito de epígrafe comenzó con la presentación de una *Demanda* contra el Hospital General Menonita, Inc. t/c/c Mennonite General Hospital, Inc., h/n/c Hospital Menonita de Aibonito y demás partes

demandadas. En la misma, el Sr. Ramón E. Meléndez Negrón, la Sra. María del C. Ortiz Vázquez y la Sociedad Legal de Gananciales compuesta por ellos, así como sus hijos Pedro J. Meléndez Ortiz y Ramón L. Meléndez Ortiz (en adelante, los recurridos), reclamaron compensaciones por los daños sufridos por el Sr. Ramón E. Meléndez Negrón por la alegada impericia médica de los demandados. La *Demanda* fue enmendada en dos ocasiones. En la segunda de estas, se incluyó a los peticionarios demandados, identificándose estos de la siguiente manera.

25. Por creencia de la información provista por el Hospital Menonita de Aibonito en el proceso de descubrimiento de prueba, la demandada Pediatric Pro & Medicine, LLC es una corporación con fines de lucro, autorizada para hacer negocios en Puerto Rico, que fue contratada por el Hospital Menonita de Aibonito para dirigir, operar y administ[r]ar la Sala de Emergencias del Hospital Menonita de Aibonito ubicada en el pueblo de Aibonito y que para el 3 de septiembre de 2022 proveía esos servicios al demandado Hospital Menonita de Aibonito. Las direcciones física y postal y el número de teléfono de Pediatric Pro & Medicine, LLC, según surgen del Registro de Corporaciones del Departamento de Estado de Puerto Rico, son los siguientes: (a) Calle José C. Vázquez Carretera 726, Urb. Villa Rosales, Aibonito, Puerto Rico 00705; (b) PO Box 8549, Caguas, Puerto Rico 00726-8549; y (c) (787) 735-8100.

26. La demandada Pediatric Pro & Medicine, LLC es o era para el 3 de septiembre de 2022 el patrono de la Dra. Santos y/o de la enfermera de *triage* Sra. Olga L. Pizarro Alvarado, por lo que responde vicariamente a los demandantes por los actos negligentes de esas demandadas. En la alternativa, la demandada Pediatric Pro & Medicine, LLC es o era para el 3 de septiembre de 2022 la entidad que contrató a la Dra. Santos y/o a la enfermera de *triage* Sra. Olga L. Pizarro Alvarado sin que ninguna de estas estuviera debidamente capacitada para atender de forma adecuada a pacientes que estuviesen sufriendo un derrame cerebral o accidente cerebrovascular isquémico agudo y en evolución, por lo que actuó negligentemente al contratarlas y responde a los demandantes por los actos negligentes de esas demandadas.

27. Por información y creencia, la demandada Pediatric Pro & Medicine, LLC fue disuelta en el Departamento de Estado de Puerto Rico el 1 de marzo de 2023.

28. El demandado Sr. Jorge E. Del Valle Pérez y la demandada Dra. Milagros T. Reyes Mora son, por información y creencia, los únicos miembros de la disuelta corporación demandada Pediatric Pro & Medicine, LLC y, como tal y debido a la disolución de esa corporación, responden en su carácter personal y con su propio peculio por las actuaciones u omisiones negligentes o culposas imputadas en esta Segunda Demanda Enmendada a Pediatric Pro & Medicine, LLC. En este momento se desconoce la dirección y número de teléfono del Sr. Jorge E. Del Valle Pérez. En cuanto a la Dra. Milagros T. Reyes Mora, por información y creencia su dirección y número de teléfono son los siguientes: (a) Calle Rafael

Lasa Núm. 39, Aguas Buenas, Puerto Rico 00703; y (b) (787) 924-7575.

El 16 de febrero de 2024, los peticionarios presentaron una *Moción de Desestimación* en la que alegaron que la reclamación sometida en su contra debía ser desestimada. Allí adujeron que no procedía una causa de acción personal en contra de la Dra. Milagros T. Reyes Mora ni el Sr. Jorge E. Del Valle Pérez (en adelante Reyes y Del Valle), aun cuando la corporación de la que eran miembros haya sido disuelta, pues así lo impedía la Ley de Corporaciones y no procedía descorrer el velo corporativo. De igual modo, adujeron que la reclamación contra Pediatric Pro & Medicine, LLC (en adelante, Pediatric) había prescrito.

El 25 de marzo de este año, los recurridos se opusieron a la desestimación solicitada. Al así hacer, expresaron que la solicitud de desestimación de la causa de acción contra Reyes y Del Valle era prematura debido a la necesidad de realizar descubrimiento de prueba en cuanto al motivo para la disolución de Pediatric, la que según se admitió era la entidad que para la fecha de los hechos tenía a su cargo la administración y operación de la Sala de Emergencias del Hospital Menonita de Aibonito. De igual forma, postularon que la reclamación de prescripción levantada era una defensa frívola, puesto que la norma vigente establece que cuando se enmienda una demanda para incluir por su verdadero nombre a un demandado de nombre desconocido, a los fines de determinar si la acción está prescrita, la enmienda se retrotrae a la fecha en la que se presentó la demanda original; lo que alegaron ocurrió en el caso.

Habiéndose instado una réplica a la oposición antes mencionada, el 14 de mayo de 2024, el TPI atendió la *Moción de Desestimación* y se negó en este momento a desestimar. De esta determinación los peticionarios solicitaron reconsideración el 31 de mayo de 2024. Los recurridos se opusieron a la misma mediante escrito sometido el 11 de junio de 2024. Finalmente, el 27 de junio de 2024, notificada el 8 de julio del mismo año, el

foro primario emitió *Orden* en la que resolvió No Ha Lugar a la reconsideración.

Inconforme, los peticionarios instaron el recurso de epígrafe y, en síntesis, aducen que erró el foro primario al denegar su moción de desestimación cuando no hay evidencia en el expediente que permita concluir que procede descorrer el velo corporativo de la entidad disuelta, así como al no hacerlo por prescripción. Atendido el recurso, el 20 de agosto de 2024 emitimos *Resolución* ordenándole a los recurridos a comparecer dentro del término que nuestro Reglamento establece para presentar su posición.[1] En cumplimiento con esto, el 5 de septiembre de 2024, sometieron *Alegato en Oposición a la "Petición de Certiorari"*.

Con el beneficio de la comparecencia de todas las partes, damos por sometido el asunto y procedemos a resolver.

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de certiorari descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica

---

[1] La Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R 37, dispone que "[d]entro de los diez días siguientes a la notificación de la solicitud de *certiorari*, las demás partes podrán presentar memorandos en oposición a la expedición del auto."

la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra,* a la pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd*.

*B.*

La Regla 10.2 de Procedimiento Civil permite que una parte contra la cual se instó una reclamación presente una moción de desestimación por falta de jurisdicción sobre la materia, falta de jurisdicción sobre la persona; insuficiencia del emplazamiento; insuficiencia del diligenciamiento del emplazamiento; dejar de exponer una reclamación que justifique la concesión de un remedio o (dejar de acumular una parte indispensable. Blasinno Alvarado v. Reyes Blassino, 2024 TSPR 93, al citar a Cobra Acquisitions v. Mun. Yabucoa, et al., 210 DPR 384, 396 (2022) y otros. Al considerar este tipo de escrito, los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante. *Id.* Así, una demanda será desestimada solo si surge que esta carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los

hechos que se puedan probar. Entiéndase pues, que los tribunales evaluarán "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida". Blasinno Alvarado v. Reyes Blassino, *supra*, al mencionar a Cruz Pérez v. Roldán Rodríguez, et al., 206 DPR 261, 267 (2021); González Méndez v. Acción Social et al., 196 DPR 213 (2016), más citas omitidas.

**-III-**

Por virtud del recurso de epígrafe, los peticionarios reclaman ante nos que erró el foro primario al no desestimar la reclamación que los recurridos instaron en su contra. En cuanto a esto, al discutir de forma conjunta sus dos señalamientos de error, exponen que la decisión recurrida ignoró el claro lenguaje de la Ley de Corporaciones, que la jurisprudencia citada por el foro primario es inaplicable a la situación de hechos del caso.

Los recurridos, por su parte, tras exponer los hechos de los cuales su reclamación surge y los señalamientos específicos levantados contra los peticionarios, niegan la presencia de alguno de los elementos que nuestro Reglamento establece para considerar expedir un auto de *certiorari*. Con tal encomienda, aseveran que Reyes y Del Valle responden directa e independientemente de la entidad demandada de la que eran miembros, pues se alegó que estos cancelaron o no renovaron el seguro de responsabilidad por impericia médica de la corporación. También plantean que responden personalmente por haber disuelto la entidad jurídica y haberse distribuido o transferido sus activos; con los que hubiera podido responderles.

A su vez, argumentan que el reclamo de prescripción es uno incorrecto, pues la demanda se instó antes de que venciera el término dispuesto en ley para ello y en aquel momento Pediatric Pro fue correctamente incluida como un demandado de nombre desconocido. Por

todas estas razones, afirman la corrección de la decisión recurrida y sostienen que debe denegarse la expedición del *certiorari* solicitado por los peticionarios.

Recurriéndose pues de la denegatoria de una moción de carácter dispositivo, estamos facultados, conforme a lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, para revisar esta determinación mediante un recurso de *Certiorari*. Ahora, examinado el legajo apelativo, las alegaciones específicas incluidas en la *Demanda* y sus posteriores enmiendas, concordamos con lo señalado por los peticionarios. No identificamos presente alguno de aquellos factores enunciados en la Regla 40 de nuestro Reglamento para determinar la expedición del auto discrecional del *certiorari*. No nos parece que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad por parte del TPI, que la expedición del auto evite el fracaso de la justicia, o cualquiera de los otros elementos mencionados por la Regla 40. Al ser ello así, merece nuestro respeto.

Es menester señalar que la denegatoria del recurso discrecional de *certiorari* no prejuzga los méritos de la controversia que en este se plantea. Entiéndase pues, que cuando se deniega un auto de *certiorari* no se resuelve implícitamente cuestión alguna contra la parte promovente de este, a los efectos de cosa juzgada. La resolución denegatoria simplemente es índice de la facultad discrecional del Tribunal para negarse a revisar, en determinado momento, una decisión emitida por un tribunal de instancia. Siendo ello así, estas controversias pudieran ser reproducidas nuevamente mediante el correspondiente recurso de apelación. *Véase*, Pueblo v. Cardona López, 196 DPR 513 (2016).; García v. Padró, 165 DPR 324 (2005).; Núñez Borges v. Pauneto Rivera, 130 DPR 749, 755-756 (1992).

**-IV-**

Por todo lo antes consignado, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones